UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEATH GORDON DEMERCHANT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAINE STATE PRISON, )<br>)<br>Defendant ) | 1:23-cv-00263-JAW |

### RECOMMENDED DECISION TO DISMISS COMPLAINT

On June 30, 2023, Plaintiff filed a complaint and an application to proceed without prepayment of fees. (Complaint, ECF No. 1; Motion to Proceed, ECF No. 2.) Because Plaintiff had not provided the required financial information for the Court to rule on Plaintiff's application, on July 3, 2023, the Court denied the motion and ordered Plaintiff to pay the filing fee or file a completed application on or before July 24, 2023. (Order, ECF No. 3.) Through the order, the Court informed Plaintiff that the failure to comply with the order could result in the dismissal of the matter. The Clerk forwarded a copy of the order to Plaintiff by U.S. Mail on July 3, 2023, together with a form application to proceed without prepayment of fees and costs.

On July 18, 2023, Plaintiff filed a new application to proceed without prepayment of fees. (Motion, ECF No. 4.) As this motion was again incomplete in that it did not contain the required financial information, the Court denied the Motion on July 25, 2023. (Order, ECF No. 6.)

1

Because Plaintiff failed to comply with the order, on July 25, 2023, the Court also ordered Plaintiff to show cause as to why he had not complied with the Court's order. (Order, ECF No. 5.)   In the order, the Court established August 15, 2023, as the date by which Plaintiff must show cause. (*Id*.)  The Court advised Plaintiff that if he failed to show cause, the Court could dismiss the complaint. (*Id*.)

Because Plaintiff has not responded to the Order to Show Cause, I recommend the Court dismiss the matter without prejudice.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).  Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.

Here, Plaintiff has (a) failed to comply with the Court's order directing him to pay the filing fee or file a completed application to proceed without prepayment of fees and costs, and (b) failed to show cause in accordance with the Court's Order to Show Cause. Plaintiff thus has failed to comply with the Court's orders and has otherwise failed to prosecute his claim.  Given Plaintiff's failure to comply with the Court's orders and his failure otherwise to prosecute the matter, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of August, 2023.